

**FILED**
October 27, 2025 02:53 PM
ST-2018-CV-00076
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

SANDRA O. JOSEPH-SMITH, )
)
       Plaintiff, )
)
vs. )
)
WORLD FRESH MARKET, LLC d/b/a PUEBLO )
SUPERMARKET; and GLADYS OLAVERRIA )
SANTO and NOLLY MARITZA d/b/a NOLLY'S )
BEAUTY SALON & SPA )
)
       Defendants. )
)

**Case No. ST-2018-CV-00076**

**ACTION FOR DAMAGES**

**JURY TRIAL DEMANDED**

## MEMORANDUM OPINION

### Cite as 2025 VI Super 38 U

¶1    **THIS MATTER** is before the court upon a Motion to Disqualify and for Preliminary and Permanent Injunction ("Motion"), filed by Defendant World Fresh Market, LLC, d/b/a Pueblo Supermarket ("WFM") on October 4, 2023.[1]

### BACKGROUND

¶2    Through the Motion, WFM seeks to disqualify attorney Lee Rohn, the law firm of Lee J. Rohn & Associates, LLC, and any lawyers associated with the firm (collectively "the Rohn firm" or the "firm") from representing Plaintiff Sandra Joseph-Smith ("Joseph-Smith") in this case. WFM asserts the Rohn firm represented attorney Yohana Manning ("Manning"), creating a conflict in this matter that is impermissible because Manning previously represented WFM and served as counsel for WFM.[2] WFM posits that Manning provided legal services to WFM from

---

[1] Plaintiff Sandra O. Joseph-Smith filed an Opposition on November 20, 2023; and WFM filed a Reply on December 5, 2023.

[2] *See* Def.'s Mot. to Disqualify 5. Oct. 4, 2023.

2021 to 2022[3] and represented it in "at least" two matters;[4] thus, WFM maintains, that it established an attorney-client relationship with Manning and his communications with WFM are privileged. WFM claims the Rohn firm "poached WFM's former counsel Manning as a client" and that has given Rohn "unfettered, improper access to the privileged, confidential information of one of Rohn's most frequent adversaries[, WFM]."[5] WFM asserts Manning's former representation of WFM creates a substantial risk that Manning and the Rohn firm will use WFM's confidential information to advance the instant matter and other matters the Rohn firm has pending against WFM.[6] WFM therefore claims that Manning's personal business interests are now in conflict with his former representation of WFM. The Motion concludes that these alleged conflicts violate the rules of professional conduct, and thus the firm's representation of the plaintiff in this matter violates the Virgin Islands Rules of Professional Conduct ("Rules"), established under Supreme Court Rules 211.1.9, 211.1.10, and 211.1.16.[7]

¶3     Joseph-Smith's Opposition to the Motion ("Opposition") argues the Rohn firm's representation of Manning is permissible because Manning was simply taken on as client. Joseph-Smith emphasizes Manning is not and has never been employed by the Rohn firm and that Manning has never spoken about his work for WFM with Rohn or the Rohn firm. (Pl.'s Opp'n 2).

---

[3] The correspondence from Manning Legal, PC states that attorney Yohana Manning would "be . . . primarily responsible for the representation" that encompassed "general counsel matters involving World Fresh Market d/b/a Pueblo." (Def.'s Mot. to Disqualify, Exs. 1 & 2).

[4] The Motion claims Manning represented WFM in a contract dispute in which WFM was the plaintiff; and a U.S. Department of Labor case, through which WFM argues Manning gained access to confidential and privileged information. (Def.'s Mot. 3). In the Department of Labor matter, the Motion contends, Manning was given access to WFM's "employment practices[,] over 60,000 documents, payroll, hiring and firing practices, high level managerial and ownership decision-making; and company financials." (*Id.*).

[5] Def.'s Mot. to Disqualify 2.

[6] *Id.* at 7.

[7] *Id.* at 6.

Joseph-Smith argues the Rohn firm only became aware of Manning's prior representation of WFM through WFM's Motion.[8] The Opposition posits that the Rohn firm provided Manning with legal representation in a business and property dispute, which went to arbitration and involved Manning and other parties unrelated to the instant matter (the "Manning arbitration"). Moreover, the Opposition argues that WFM's counsel in this matter, Michael Sheesley, Esq., knows that the Manning arbitration is unrelated to the instant matter because Attorney Sheesley represented one of the parties in the arbitration.[9]

## DISCUSSION

### *Legal Standard*

¶4     In the Virgin Islands, the professional conduct of lawyers is regulated by the Supreme Court Rules, which provides that a party may move for disqualification of another party's counsel. *See* V.I. S. Ct. R. 211. The party seeking disqualification bears the burden of demonstrating that a firm or lawyer's continued representation of a client is impermissible. *Bermudez v. World Fresh Market*, 2024 VI Super 50, ¶8. Disqualification of legal counsel is a drastic measure that is disfavored since it deprives the non-movant of its counsel of choice, and it "should only be imposed when absolutely necessary." *Id.* "As such, the party seeking disqualification must meet a high standard of proof prior to a lawyer's disqualification." *Davis v. Am. Youth Org.*, 2024 VI Super 38U, ¶9. To disqualify counsel, first, the court considers whether a Virgin Islands Rule of Professional Conduct was violated; and second, if the court finds a substantive violation, it then proceeds to consider whether disqualification would be appropriate.[10] *Id.* at ¶9.

---

[8] Pl.'s Opp'n 19.

[9] Pl.'s Opp'n 2.

[10] The V.I. Supreme Court Rules of Professional Conduct resemble the Model Rules of Professional Conduct, so the court may refer to comments on the Model Rules for guidance. *Matter of Maynard*, 68 V.I. 632, 641 n.8 (V.I. 2018)

*Joseph-Smith v. World Fresh Market, LLC*
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion to Disqualify Counsel
Page 4 of 9

Cite as 2025 VI Super 38U

¶5    Pursuant to Rule 211.1.9,[11] a lawyer who has represented a former client cannot, then, represent another, new client in a substantially related matter in which the new client's interests are materially adverse to those of the former client. V.I. S. Ct. R. 211.1.9(a). Moreover, a lawyer shall not knowingly represent a new client in the same or a substantially related matter if the lawyer "had previously represented a client whose interests are materially adverse to that [new client]; and . . . about whom the lawyer had acquired information protected by Rules 211.1.6 and 211.1.9(c) that is material to the matter." V.I. S. Ct. R. 211.1.9(b).

¶6    Under Rule 211.1.10,[12] when a lawyer is associated with a law firm, the firm may not knowingly represent a client when any of those within the firm, practicing alone, would be

---

(noting that "[b]ecause the Virgin Islands [R]ules are substantively identical to the ABA rules," previous decisions and interpretations of the ABA Model Rules of Professional Conduct are applicable in the Virgin Islands); *Fenster v. Dechabert*, Super. Ct. Civ. No. SX-16-CV-343, 2017 WL 4969896, *6 & n.54 (V.I. Super. Ct. Sept. 27, 2017) (unpublished) (explaining the court "looks to the Comments accompanying the ABA's Model Rules of Professional Conduct for guidance").

[11] Rule 211.1.9, duties to former clients, provides that:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> > (1) whose interests are materially adverse to that person; and
> >
> > (2) about whom the lawyer had acquired information protected by Rules 211.1.6 and 211.1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> >
> > (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

V.I. S. Ct. R. 211.1.9.

[12] In pertinent part, Rule 211.1.10, imputation of conflicts of interest, provides that:

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 211.1.7 or 211.1.9, unless the

*Joseph-Smith v. World Fresh Market, LLC*
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion to Disqualify Counsel
Page 5 of 9

Cite as 2025 VI Super 38U

prohibited from doing so. V.I. S. Ct. R. 211.1.10. Being associated with a firm denotes "lawyers

in a law partnership, professional corporation, sole proprietorship or other association authorized

to practice law; or lawyers employed in a legal services organization or the legal department of a

corporation or other organization." Model Rules of Prof'l Conduct r. 1.10, cmt. 1.

¶7      Under Rule 211.1.16,[13] a lawyer shall not represent a client, or they shall withdraw their

representation of a client, if the representation, *inter alia*, will result in violation of the Rules of

---

prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers of the firm.

V.I. S. Ct. R. 211.1.10.

[13] In its entirety, Rule 211.1.16, declining or terminating representation, provides that:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing the interests of the client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetuate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

V.I. S. Ct. R. 211.1.16.

Professional Conduct or other laws. V.I. S. Ct. R. 211.1.16. In other words, attorneys have "the duty to withdraw when it becomes evident that a rule of professional conduct will be violated." *Bermudez*, ¶16.

*Analysis*

WFM has not demonstrated that the Rohn firm should be disqualified.

**A. Manning has not violated the Rules of Professional Conduct**

**¶8** WFM argues that because Manning would be disqualified from representing Joseph-Smith against his former client, WFM, then that disqualification must be imputed to the Rohn firm, which represented Manning.[14] WFM states that "Manning is disqualified from litigating against WFM, his former client" and asserts Manning cannot "join with other plaintiffs in suing WFM"; that WFM and Manning's communications were privileged; and that Manning has a personal conflict because he must maintain the duty of loyalty owed to WFM.[15]

**¶9** The court agrees that Manning would likely be disqualified from litigating against WFM if he were to attempt to do so. However, that disqualification does not extend to Manning's (former) counsel, the Rohn firm, because the Rohn firm is not litigating against a former client. In addition, Rohn pledges that she and Manning never discussed his work for WFM. Rohn's duty to her former client, Manning, does not create a conflict of interest that bars her from litigating against WFM since WFM was never her client. *See* V.I. S. Ct. R. 211.1.9; Model Rules of Prof. Conduct r. 1.9 cmts. 1-2 (Am. Bar Ass'n 2023) ("The underlying question is whether the lawyer was so

---

[14] Motion to Disqualify 4.

[15] *Id.* at 4-6.

involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.").

¶10    Manning's relationship with the Rohn firm was that of a client; Manning received legal counsel from the Rohn firm concerning a subject matter and parties unrelated to the instant matter.[16]  Manning is obligated to uphold the confidentiality of his communications with former client WFM; indeed, "[e]very lawyer is responsible for observance of the Rules of Professional Conduct."  Model Rules of Prof. Conduct, Preamble cmts. 1, 12 ("After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule.").  But WFM does not cite a rule that provides a basis for the court to find that Manning's duty to WFM is imputed to the Rohn firm.

### B.  The Rohn firm has not violated the Rules of Professional Conduct

¶11    WFM argues there is a substantial risk Manning will or has disclosed confidential information about WFM to advance this litigation and other matters the Rohn firm is litigating against WFM, or to attack Manning's own work product during his tenure at WFM.[17]  But the court finds no credible information that Manning has disclosed any confidential information to the Rohn firm that could affect this litigation.  WFM has not met the high threshold of demonstrating that there was an improper disclosure or that it is "absolutely necessary" to disqualify the Rohn firm. *See Davis*, ¶9.

¶12    Although Manning represented and established an attorney-client relationship with WFM that created a cloak of confidentiality, the court cannot infer the Rohn firm "acquired" Manning

---

[16] Pl.'s Opp'n 2; Def.'s Reply 2.

[17] Def.'s Mot. to Disqualify 11-12.

with the same intent as WFM alleges in the Motion.[18]  Further, the relationship between Manning

and WFM was limited in scope, and WFM does not argue Manning had personal knowledge of or

worked on the instant matter.  Importantly, WFM has not demonstrated that Joseph-Smith's action

for damages against WFM is substantially related to the scope of Manning's representation of

WFM.

¶13     To support its arguments, WFM provided case law where the Rohn firm was disqualified

from representing certain parties.[19]  But those cases all involved situations where an attorney

working for the Rohn firm had previously represented a party the Rohn firm is suing, and thus the

conflict was imputed to the Rohn firm, and the firm was disqualified.  That is not the case here.

Manning never worked for the Rohn firm; Manning only became a client of the Rohn firm; and

Manning's conflict cannot be imputed to the firm.  Therefore, those cases are not on point and lend

no guidance.

¶14     Therefore, the court concludes that Manning did not become "associated" with the Rohn

firm simply by retaining the firm to represent him in the Manning arbitration.  *See* V.I. S. Ct. R.

211.1.10; V.I. S. Ct. R. 211.1.0(c).  Likewise, WFM's argument that the Rohn firm had a duty to

screen Manning for conflicts of interest before taking him on as a client is without merit.  WFM

argues the Rohn firm represented "Manning . . . *because* of his conflict of interest." (emphasis in

original)[20].  However, the Rules specifically state that screening is the process by which a lawyer

is isolated "from any participation in a matter . . . ."  V.I. S. Ct. R. 211.1.0(k).  As noted above,

Manning is not involved in the instant matter, and no conflict of interest is imputed to the Rohn

---

[18] *Id.* (implying the Rohn firm acted deliberately here because of prior similar conduct).

[19] *Id.*

[20] Def.'s Mot. to Disqualify 10.

*Joseph-Smith v. World Fresh Market, LLC*
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion to Disqualify Counsel
Page 9 of 9

Cite as 2025 VI Super 38U

firm from the firm's representation of Manning. *See Bermudez*, ¶20. The court, accordingly, finds WFM has not demonstrated that the Rohn firm has violated Rules 211.1.9, 211.1.10, or 211.1.16 by representing Manning.

## CONCLUSION

¶15 The court finds that the Rohn firm has not violated the V.I. Rules of Professional Conduct. First, Manning, who represented WFM for a limited time, is not providing legal representation to WFM; instead Manning was a client of the Rohn firm in a separate, unrelated matter. Further, the court cannot infer that Manning, who is not employed by the Rohn firm, violated his duty of confidentiality to WFM. Indeed, WFM has not demonstrated that Manning had personal knowledge of Joseph-Smith's matter or that Manning shared any of WFM's confidential information with the Rohn firm.

¶16 Second, Joseph-Smith's action for damages against WFM is not substantially related to the Rohn firm's previous representation of Manning. Moreover, Manning is not a law associate employed with the Rohn firm. The court, therefore, will deny the Motion. Lastly, because the court finds there are no violations of the V.I. Rules of Professional Conduct and disqualification of counsel is not warranted, WFM's request for a preliminary and permanent injunction must be denied as moot.

DATED: October **27**, 2025

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor _10_ / _27_ / _2025_